1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  NETWORK SIGNATURES, INC.,        )  CASE NO.  SACV 08-718-JVS(RNBx)
                                     )
12                  Plaintiff,       )  INITIAL ORDER FOLLOWING
                                     )  FILING OF COMPLAINT ASSIGNED
13       v.                          )  TO JUDGE SELNA
                                     )
14  CITIBANK N.A.,                   )
                                     )
15                  Defendant.       )
                                     )
16                                   )
                                     )
17  _____)

18

19              COUNSEL FOR PLAINTIFF SHALL SERVE THIS ORDER ON

20  ALL DEFENDANTS AND/OR THEIR COUNSEL ALONG WITH THE

21  SUMMONS AND COMPLAINT, OR IF THAT IS NOT PRACTICABLE AS

22  SOON AS POSSIBLE THEREAFTER.  IF THIS CASE WAS ASSIGNED TO

23  THIS COURT AFTER BEING REMOVED FROM STATE COURT, THE

24  DEFENDANT WHO REMOVED THE CASE SHALL SERVE THIS ORDER

25  ON ALL OTHER PARTIES.

26

27              This case has been assigned to the calendar of Judge James V. Selna.

28

Revised February 5, 2008

1   The intent of this Order is to ensure that this case will proceed so as "to secure [a]
2   just, speedy and inexpensive determination." (Fed.R.Civ. P., Rule 1.)

3

4   **A.    THE COURT'S ORDERS**

5

6   Copies of Judge Selna's orders that may have specific application to
7   this case are available on the Central District of California website. See ¶ N.
8   Those orders include the following:

9

10    (1) Order Setting Rule 26(f) Scheduling Conference
11    (2) Order re Civil Jury Trials
12    (3) Order re Civil Court Trials
13    (4) Order re RICO Case Statement

14

15  **B.    SERVICE OF PLEADINGS**

16

17  Although Fed.R.Civ.P., Rule 4(m) does not require the summons and
18  complaint to be served for as much as 120 days, the Court expects that the initial
19  pleadings will be served much sooner than that, and will require plaintiff to show
20  cause before then if it appears that there is undue delay.

21

22  **C.    ASSIGNMENT TO A MAGISTRATE JUDGE**

23

24  Under 28 U.S.C. § 636, the parties may consent to have a Magistrate
25  Judge preside over all proceedings, including trial. The Magistrate Judges who
26  accept those designations are identified on the Central District's website, which
27  also contains the consent form. See ¶ N.

28

1     **D.     EX PARTE PRACTICE**

2

3          *Ex parte* applications are solely for extraordinary relief and should be

4     used with discretion.  See Mission Power Engineering Company v. Continental

5     Casualty Co., 883 F. Supp. 488 (C. D. Cal. 1995).  The Court will generally

6     decide *ex parte* matters on the papers.  Opposition to an *ex parte* application, if

7     any, should be submitted within 24 hours.

8

9     **E.     APPLICATIONS AND STIPULATIONS FOR EXTENSIONS**

10    **OF TIME**

11

12         No stipulations extending scheduling requirements or modifying

13    applicable rules are effective until and unless the Court approves them.  Both

14    applications and stipulations must set forth:

15

16         1.   The existing due date or hearing date;

17

18         2.   Specific, concrete reasons supporting good cause for granting the

19    extension.  In this regard, a statement that an extension "will promote settlement"

20    is insufficient.  The requesting party or parties must indicate the status of ongoing

21    negotiations: Have written proposals been exchanged? Is counsel in the process of

22    reviewing a draft settlement agreement?  Has a mediator been selected?

23

24         3.   Whether there have been prior requests for extensions, and

25    whether these were granted or denied by the Court.

26

27

28    **F.     TRO'S AND INJUNCTIONS**

1     Parties seeking emergency or provisional relief shall comply with

2 F.R.Civ.P., Rule 65 and Local Rule 65.  The Court will not rule on any application

3 for such relief for at least 24 hours after the party subject to the requested order

4 has been served; such party may file opposing or responding papers in the interim.

5

6

7    **G.**  **CASES REMOVED FROM STATE COURT**

8

9     All documents filed in state court, including documents appended to

10 the complaint, answers and motions, must be refiled in this Court as a supplement

11 to the Notice of Renewal, if not already included.  <u>See</u> 28 U.S.C. § 1447(a),(b).  If

12 the defendant has not yet answered or moved, the answer or responsive pleading

13 filed in this Court must comply with the Federal Rules of Civil Procedure and the

14 Local Rules of the Central District.  If before the case was removed a motion was

15 pending in state court, it must be re-noticed in accordance with Local Rule 7.

16

17    **H.**  **STATUS OF FICTITIOUSLY NAMED DEFENDANTS**

18

19     This Court intends to adhere to the following procedures where a matter

20 is removed to this Court on diversity grounds with fictitiously named defendants.

21 (<u>See</u> 28 U.S.C. §§ 1441(a) and 1447.)

22

23     1.  Plaintiff is normally expected to ascertain the identity of and serve

24 any fictitiously named defendants within 120 days of the removal of the action to this

25 Court.

26

27     2.  If plaintiff believes (by reason of the necessity for discovery or

28 otherwise) that fictitiously named defendants cannot be fully identified within the

1   120-day period, an *ex parte* application requesting permission to extend that period

2   to effectuate service may be filed with this Court.  Such application shall state the

3   reasons therefor, and may be granted upon a showing of good cause.  The *ex parte*

4   application shall be served upon all appearing parties, and shall state that appearing

5   parties may comment within seven (7) days of the filing of the *ex parte* application.

6

7           3.      If plaintiff desires to substitute a named defendant for one of the

8   fictitiously named parties, plaintiff first shall seek to obtain consent from counsel

9   for the previously-identified defendants (and counsel for the fictitiously named

10   party, if that party has separate counsel).  If consent is withheld or denied, plaintiff

11   may apply *ex parte* requesting such amendment, with notice to all appearing parties.

12   Each party shall have seven calendar days to respond.  The *ex parte* application and

13   any response should comment not only on the substitution of the named party for a

14   fictitiously named defendant, but on the question of whether the matter should

15   thereafter be remanded to the Superior Court if diversity of citizenship is destroyed

16   by the addition of the new substituted party.  See U.S.C. § 1447(c), (d).

17

18   **I.      BANKRUPTCY APPEALS**

19

20           Counsel shall comply with the ORDER RE PROCEDURE TO BE

21   FOLLOWED IN APPEAL FROM BANKRUPTCY COURT issued at the time the

22   appeal is filed in the District Court.

23

24   **J.      MOTIONS UNDER FED.R.CIV.P., Rule 12**

25

26           Many motions to dismiss or to strike could be avoided if the parties

27   confer in good faith (as they are required to do under L.R. 7-3), especially for

28   perceived defects in a complaint, answer or counterclaim which could be corrected

1  by amendment.  See Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a

2  motion to dismiss is granted, a district court should provide leave to amend unless it

3  is clear that the complaint could not be saved by *any* amendment).  Moreover, a

4  party has the right to amend his complaint "once as a matter of course at any time

5  before a responsive pleading is served."  Fed.R.Civ.P., Rule 15(a).  A 12(b)(6)

6  motion is not a responsive pleading and therefore plaintiff  might have a right to

7  amend.  See Nolen v. Fitzharris, 450 F.2d 958, 958-59 (9th Cir. 1971); St.

8  Michael's Convalescent Hospital v. California, 643 F.2d 1369, 1374 (9th Cir.

9  1981).  And even where a party has amended his Complaint once or a responsive

10  pleading has been served, the Federal Rules provide that leave to amend should be

11  "freely given when justice so requires."  F.R.Civ.P., Rule 15(a).  The Ninth Circuit

12  requires that this policy favoring amendment be applied with "extreme liberality."

13  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

14

15          These principles require that counsel for the plaintiff should carefully

16  evaluate the defendant's contentions as to the deficiencies in the complaint, and that

17  in many instances the moving party should agree to any amendment that would cure

18  a curable defect.

19

20          The moving  party shall attach a copy of the challenged pleading to the

21  Memorandum of Points and Authorities in support of the motion.

22

23          The foregoing provisions apply as well to motions to dismiss a

24  counterclaim, answer or affirmative defense, which a plaintiff might contemplate

25  bringing.

26

27      **K.      REQUIREMENTS FOR BRIEFS**

28

1    In addition to the requirements in Local Rule 11, the Court requires the

2    following for all briefs:

3

4    1.  No footnote shall exceed 5 lines.  The Court strongly discourages

5    the use of extensive footnotes as a subterfuge to avoid page limitations in the Local

6    Rules.

7

8    2.  All footnotes shall be in the same type size as text.  <u>See</u> Local Rule

9    11-3.1.1.

10

11    3.  Each case cited shall include a jump cite to the page or pages where

12    the relevant authority appears (<u>e.g.</u>, <u>United States v. Doe</u>, 500 U. S. 1, **14, 17**

13    (1997)).

14

15    Failure to follow these requirements may result in rejection of a brief for correction.

16

17    **L.    <u>LEAD COUNSEL</u>**

18

19    Lead counsel shall appear on all dispositive motions, scheduling

20    conferences, and settlement conferences.  **The Court does not entertain special**

21    **appearances; only counsel of record may appear.**

22

23    **M.    <u>COURTESY COPIES</u>**

24

25    A courtesy copy of all electronically filed pleadings shall be delivered

26    to Judge Selna's courtesy copy drop on the tenth floor at the rear of the elevator

27    lobby.  **Failure to make timely delivery of the courtesy copies may result in a**

28    **delay in hearing a motion or ordering the matter off calendar.**

**N.     ELECTRONIC COPIES**

When the Court requires an electronic copy of a document (*e.g.*, with proposed jury instructions), a copy shall be submitted at time of filing in one the following manners:  providing a copy on a disk, CD, or thumb drive in a labeled envelope and lodged with the clerk; or by e-mailing a copy to the Court Room Deputy (JVS_Chambers@cacd.uscourts.gov).  Regardless of media, the document should be formatted in WordPerfect9 or higher.

**O.     WEBSITE**

Copies of this Order and other orders of this Court are available on the Central District of California's website, at "www.cacd.uscourts.gov" at Judge Selna's home page located under "Judge's Procedures and Schedules."

**P.     TENTATIVES–DAY OF HEARING AND WEB POSTING**

The Court attempts to issue tentative rulings on each motion.  Tentatives will be posted on the Court's website: www.cacd.uscourts.gov/.  From the home page, click on "Judges' Procedures and Schedules" in the left column.  From the list, click on "Hon. James V. Selna," which will take you to Judge Selna's page.  Click on the red notice in the upper left:  "Click here to view Tentative Rulings."  Then click on the desired ruling which comes up in a .pdf file which can be read with an Adobe Acrobat reader.  Judge Selna attempts to post tentatives by late Friday afternoon preceding the hearing date.  Hard copies of tentatives will also be available from the clerk approximately 15 minutes before the hearing.

1   The Court thanks counsel and the parties for their anticipated

2   cooperation.

3

4          IT IS SO ORDERED.

5

6   Dated: August 1, 2008

7                                        _____
                                              James V. Selna
8                                        United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9