LOCKE LORD BISSELL & LIDDELL LLP
MITCHELL J. POPHAM (SBN 126194)
mpopham@lockelord.com
BRANDON J. WITKOW (SBN 210443)
bwitkow@lockelord.com
300 South Grand, Suite 2600
Los Angeles, California  90071-3119
Tel:    (213) 485-1500
Fax:    (213) 485-1200

Attorneys for Defendant & Counter-claimant
*Citibank, N.A.*

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Twenty-Sixth Floor**
**Los Angeles, CA, 90071-3119**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETWORK SIGNATURES, INC., ) | Case No. SACV 08-00718 JVS (RNBx) |
| ) | |
| Plaintiff, ) | **CITIBANK, N.A.'S ANSWER AND** |
| ) | **COUNTERCLAIM** |
| vs. ) | |
| ) | |
| CITIBANK, N.A., ) | |
| ) | |
| Defendants. ) | |

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Twenty-Sixth Floor
Los Angeles, CA, 90071-3119

Defendant and Counter-Claimant Citibank, N.A. ("Citibank") responds herein to the Complaint filed by Network Signatures, Inc. ("Plaintiff) as follows.  Unless specifically admitted herein, Citibank denies all material allegations in the Complaint.

## THE NAVAL RESEARCH LABORATORY

1.      Citibank admits that, upon information and belief, the Naval Research Laboratory ("NLR") is a research and development institution, and has developed military technology.  Citibank otherwise has insufficient information to admit or deny the remaining allegations of this paragraph and therefore denies the same.

2.      Citibank admits that Federal Law authorizes the government to license its patents to private parties.  Citibank otherwise has insufficient information to admit or deny the remaining allegations of this paragraph and therefore denies the same.

## THE PARTIES

3.      Citibank has insufficient information to admit or deny the allegations in the first sentence of Paragraph 3.  Citibank denies the second sentence in Paragraph 3.

4.      Citibank admits that it is a national bank and that it provides certain financial products and services to its customers, including through use of the Internet.  Otherwise, denied.

## JURISDICTION AND VENUE

5.      Citibank admits that United States District Courts have subject matter jurisdiction over civil actions for patent infringement, but Citibank denies that it has any liability to Plaintiff in this action or that Plaintiff has any valid claim under the Patent Act.

6.      Denied.

## NETWORK SIGNATURES LICENSES THE NAVY'S TECHNOLOGY

7.      Citibank admits that U.S. Patent No. 5,511,122 (the "Patent") entitled "Intermediate Network Authentication," issued on April 23, 1996.  Citibank denies the remaining allegations in Paragraph 7.

8.      Denied.

1   9.   Citibank admits that the Patent lists the United States of America, as

2   represented by the Secretary of the Navy, as the assignee of the Patent.  Citibank

3   denies that the referenced license agreement was effective to grant to Metrix Service,

4   Inc. and subsequently assigned to Network Signatures the ability to enforce the Patent.

5   Citibank is without sufficient information to admit or deny the remaining allegations

6   in this Paragraph and therefore denies such allegations.

7   10.   Denied

8   11.   Denied.

9   ## FIRST CLAIM FOR RELIEF

10   12.   Citibank incorporates by reference herein its responses to the allegations

11   of Paragraphs 1 through 11 of the Complaint as though fully set forth herein.

12   13.   Citibank admits that Exhibit E to the Complaint appears to be a copy of

13   the Patent.  Based on the vague and conclusory remaining allegations in this

14   Paragraph, Citibank is without sufficient information to admit or deny the remaining

15   allegations in this Paragraph and therefore denies such allegations.

16   14.   Denied.

17   15.   Denied.

18   16.   Denied.

19   17.   Denied.

20   18.   Denied.

21   19.   Denied.

22   20.   Denied.

23   21.   Denied.

24   ## PRAYER FOR RELIEF

25   Citibank denies that Plaintiff is entitled to any of the relief demanded in the

26   Prayer for Relief and further denies that Citibank has any liability to Plaintiff

27   whatsoever.

28   ///

*Locke Lord Bissell & Liddell LLP*
*300 South Grand Avenue, Twenty-Sixth Floor*
*Los Angeles, CA, 90071-3119*

3

**ANSWER AND COUNTERCLAIM**

**SACV 08-00718 DOC (Ex)**

## ADDITIONAL AND/OR AFFIRMATIVE DEFENSES

## FIRST DEFENSE

22.     Citibank is not infringing and has not infringed any valid and enforceable claim of the Patent, either directly or by inducement or by contributory infringement, either literally or under the doctrine of equivalents.

## SECOND DEFENSE

23.     One or more claims of the Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

## THIRD DEFENSE

24.     In view of the prior art, the claims of the Patent cannot validly be construed to cover Citibank's products or services.

## FOURTH DEFENSE

25.     Plaintiff is barred from recovery, in whole or in part, by the statute of limitations set forth in 35 U.S.C. § 286.

## FIFTH DEFENSE

26.     The relief sought by Plaintiff is barred, in whole or in party, under the doctrines of laches and/or equitable estoppel.

## SIXTH DEFENSE

27.     Plaintiff is barred from recovery, in whole or in part, by Citibank's intervening rights under 35 U.S.C. § 419(c).

## SEVENTH DEFENSE

28.     Citibank has not willfully infringed and is not willfully infringing any valid and enforceable claim of the Patent.

## EIGHTH DEFENSE

29.     Plaintiff's claims for injunctive relief are barred because Plaintiff cannot satisfy the requirements for injunctive relief.

**ANSWER AND COUNTERCLAIM**

**SACV 08-00718 DOC (Ex)**

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Twenty-Sixth Floor
Los Angeles, CA, 90071-3119

**NINTH DEFENSE**

30.     The relief sought by Plaintiff is barred, in whole or in part, due to patent misuse and/or unclean hands for, among other things, seeking to enforce patents that they know to be void, unenforceable, invalid or not infringed.

**TENTH DEFENSE**

31.     The Patent is unenforceable as a result of inequitable conduct by the named inventor, his attorneys or assigns or other individuals associated with the filing, prosecution and maintenance of the Patent (collectively, the "applicant") as a result of the applicant's breach of the duty of candor and good faith towards the United States Patent and Trademark Office ("USPTO") by intentionally failing to disclose all information known to be material, as required by 37 C.F.R. § 1.56.

32.     In addition, upon information and belief, the Patent was intentionally abandoned due to NRL's failure to make timely maintenance fee payments.  Upon information and belief, the deadline for the second maintenance fee for the Patent was October 23, 2003.  The Patent was intentionally abandoned when NRL failed to make such payment before the six month grace period for the second maintenance fee, which expired on April 23, 2004.

33.     Upon information and belief, subsequent to the intentional abandonment of the Patent, Mr. Hazim Ansari contact NRL to express interest in licensing the Patent. Mr. Ansari acknowledged that the Patent was abandoned, but suggested that the Patent could be revived if the patent owner told the USPTO that the abandonment of the Patent was unintentional.

34.     Upon information and belief, Mr. Ansari and others who owed a duty of candor to the USPTO knew or should have known that the Patent was in fact intentionally abandoned.  Upon information and belief, due solely to the interest by Mr. Ansari and his company Metrix Services in licensing the invention, NRL petitioned the USPTO on or about May 10, 2004 to revive the Patent and was successful in reviving the Patent.  On information and belief, the applicant

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Twenty-Sixth Floor**
**Los Angeles, CA, 90071-3119**

intentionally and falsely averred that the delay in payment of the maintenance fee to the Patent was "unintentional."

### ELEVENTH DEFENSE

35.    The Patent is unenforceable by the Plaintiff for reasons of public policy, due to the licensee's failure to achieve practical application of the claimed invention in the United States, as required by 35 U.S.C. § 209 and 37 C.F.R. 404.1 et seq.

### TWELFTH DEFENSE

36.    The Patent is unenforceable by the Plaintiff for reasons of public policy because, upon information and belief, the license to Metrix Services was improperly granted.

### THIRTEENTH DEFENSE

37.    The Patent is unenforceable for reasons of public policy, because the accused public key infrastructure was in widespread commercial use well before the grant of the license to Metrix Services.

### COUNTERCLAIMS

Counter-claimant Citibank, N.A. ("Citibank") hereby counterclaims as follows, and in support thereof alleges:

1.    Citibank re-alleges and incorporates by reference its answers to the paragraphs of the Complaint filed by Network Signatures, Inc. (the "Plaintiff") and its defenses, as if fully set forth herein.

### THE PARTIES

2.    Citibank is a national bank organized under the laws of the United States and is located in Las Vegas, Nevada.

3.    According to the Complaint, Plaintiff is a Delaware Corporation with its principal place of business at 30021 Tomas Street, Suite 300, Rancho Santa Margarita, CA 92688.

///

///

**Locke Lord Bissell & Liddell LLP**
300 South Grand Avenue, Twenty-Sixth Floor
Los Angeles, CA, 90071-3119

**ANSWER AND COUNTERCLAIM**

**SACV 08-00718 DOC (Ex)**

**JURISDICTION AND VENUE**

4.       These claims are asserted under Rule 13 of the Federal Rules of Civil Procedure, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over the subject matter of this Counterclaim under 28 U.S.C. §§ 1331, 1338(a) because the Counterclaim arises under the patent laws of the United States, Title 35, United States Court, and under §§ 2201 and 2202 because Plaintiff has asserted the Patent against Citibank in the instant civil action.

5.       These Counterclaims arise out of the same series of transactions and events as the patent infringement claims set forth in the Plaintiff's Complaint.

6.       This Court also has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1346(b), because the Counterclaims involve questions of federal law and regulation, and pursuant to 28 U.S.C. § 1367(a), and because the Counterclaims are so related to the claims in this action as to form part of the same case or controversy under Article III of the United States Constitution.

7.       This Court has personal jurisdiction over Plaintiff because Plaintiff filed the instant action in this Court.

8.       Venue is proper in this Court under 28 U.S.C. §§ 1391(b), 1391(c), 1391(e) and 1400(b) because Plaintiff filed suit against Citibank in this Court and Plaintiff allegedly resides in this District.

9.       As shown by the allegations in the Plaintiff's Complaint, there is now a real and actual controversy between and among Citibank and the Plaintiff with respect to the issues of infringement, invalidity and unenforceability, as well as with respect to whether the license to Metrix Services was improvidently granted in violation of the public interest.

**COMMON FACTS**

10.       The Patent is wholly owned by the U.S. Government.

11.       The laws and regulations of the United States, as codified at 35 U.S.C. § 209 and 37 C.F.R. § 404.1 et seq., permit the Government to exclusively license

SACV 08-00718 DOC (Ex)

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Twenty-Sixth Floor
Los Angeles, CA, 90071-3119

federally owned inventions "only if (1) granting the license is a reasonable and necessary incentive to (A) call forth the investment capital and expenditures needed to bring the invention to practical application; or (B) otherwise promote the invention's utilization by the public; [and] (2) the Federal agency finds that the public will be served by the granting of the license, as indicated by the applicant's intentions, plans, and ability to bring the invention to practical application or otherwise promote the invention's utilization by the public."

12.     The law and regulations of the United States, as codified at 35 U.S.C. § 209 and 37 C.F.R. § 404.1, et seq., require licensees from the Government to achieve practical application of the invention in the United States.

13.     "Practical Application" is defined in 35 U.S.C. § 201 as "to manufacture in the case of a composition or product, to practice in the case of a process or method, or to operate in the case of a machine or system; and, in each case, under such conditions as to establish that the invention is being utilized and that its benefits are to the extent permitted by law or Government regulations available to the public on reasonable terms."

14.     On information and belief, the Government exclusively licensed the Patent to Metrix Services, Inc. on or around September 27, 2004, as memorialized in License Agreement No. NRL-LIC-04-23-161 (the "License").

15.     Upon information and belief, Metrix Services, Inc. ("Metrix) is a California corporation with its principal place of business at 10910 Turnleaf Lane, Tustin, CA  92783.

16.     Upon information and belief, Metrix also does business under the name Patent Metrix, under which name it operates offices in Irvine, California and Delhi, India.

17.     Upon information and belief, Metrix directs patent analysis work and patent application drafting from the United States to its offices in India.

///

**ANSWER AND COUNTERCLAIM**

SACV 08-00718 DOC (Ex)

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Twenty-Sixth Floor
Los Angeles, CA, 90071-3119

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Twenty-Sixth Floor**
**Los Angeles, CA, 90071-3119**

18.     Upon information and belief, Metrix was founded by Hazim Ansari ("Ansari").  Upon information and belief, Mr. Ansari resides in this judicial District at 10910 Turnleaf Lane, Tustin, CA 92782.

19.     Upon information and belief, Ansari is a registered patent attorney who is of counsel to the law firm of Hennigan, Bennett & Dorman LLP.

20.     Upon information and belief, Ansari is acting as counsel for Plaintiff in enforcing the Patent, and has actively participated in discussions and negotiations with counsel for or representatives of financial institutions regarding the Patent on behalf of Plaintiff.

21.     Upon information and belief, Ansari is also an officer of the Plaintiff corporation.

22.     Upon information and belief, Ansari negotiated and signed the License on behalf of Metrix.

23.     Upon information and belief, in an Amendment to the License prepared on or around December 21, 2005 ("the Amendment"), "Network Signatures LLC" is described as a "successor in part" to Metrix.

24.     Upon information and belief, Ansari signed the Amendment on behalf of "Network Signatures LLC".

25.     Upon information and belief, in a document dated February 14, 2006 ("the Assignment"), the License was allegedly assigned from Metrix to "Network Signatures."

26.     Upon information and belief, Ansari signed the Assignment on behalf of Metrix.

27.     Upon information and belief, Plaintiff was aware of the business activities of Citibank and others at the time that the License was granted and/or the time the Assignment was executed.

28.     Upon information and belief, in his communications with one or more financial institutions, Ansari has alleged on Plaintiff's behalf that the Patent covers

9

**ANSWER AND COUNTERCLAIM**

ubiquitous Internet technologies and protocols including Secure Sockets Layer (SSL), Internet Protocol Security (IPSec), Web Services (WS), Virtual Private Networks (VPN), and Domain Name System Security (DNSSEC).

29.     Each of these Internet technologies and protocols was in wide-spread use at the time Ansari assigned the License on Metrix's behalf.

30.     Upon information and belief, in his communications with financial institutions, Ansari has alleged on Plaintiff's behalf that the Patent claims cover digital certificates and digital signatures.

31.     Digital signatures are part of the so-called Public Key Infrastructure ("PKI").  PKI is based on cryptographic technology developed in the 1970s.  PKI is implemented in numerous standards including X.509, which was originally issued in 1988.

## FIRST COUNTERCLAIM

### (Declaratory Judgment Of Non-Infringement)

32.     Citibank incorporates by reference and restates Paragraphs 1-31 of these Counterclaims as if fully set forth herein.

33.     Citibank hereby asserts this counterclaim against Plaintiff for judgment that Citibank is not infringing, and has not ever infringed, any valid and enforceable claim of the Patent, either directly, contributorily or by inducement, literally or by equivalents.

34.     Citibank desires a judicial determination and declaration that it does not infringe any valid and enforceable claim of the Patent.

35.     As provided by 35 U.S.C. § 285, Citibank requests that this Court declare this case to be exceptional, and award Citibank its reasonably attorney's fees, costs and expenses.

36.     Citibank, therefore, respectfully seeks judgment as hereinafter set forth.

///

///

**ANSWER AND COUNTERCLAIM**

**SACV 08-00718 DOC (Ex)**

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Twenty-Sixth Floor
Los Angeles, CA, 90071-3119

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Twenty-Sixth Floor
Los Angeles, CA, 90071-3119

## SECOND COUNTERCLAIM

### (Declaratory Judgment Of Invalidity)

37.     Citibank incorporates by reference and restates Paragraphs 1-36 of these Counterclaims as if fully set forth herein.

38.     Citibank hereby asserts this counterclaim against Plaintiff for judgment that the claims of the Patent are invalid, in whole or in part, for failure to satisfy one or more of the requirements of Title 35 including, without limitation, §§ 101, 102, 103, and 112 thereof.

39.     Citibank desires a judicial determination and declaration that the claims of the Patent are invalid.

40.     As provided by 35 U.S.C. § 285, Citibank requests that this Court declare this case to be exceptional, and award Citibank its reasonable attorney's fees, costs and expenses.

41.     Citibank, therefore, respectfully seeks judgment as hereinafter set forth.

## THIRD COUNTERCLAIM

### (Declaratory Judgment Of Unenforceability)

42.     Citibank incorporates by reference and restates Paragraphs 1-41 of these Counterclaims as if fully set forth herein.

43.     Upon information and belief, the named inventor, his attorneys, agents, assigns or other individuals associated with the filing, prosecution, and maintenance of the Patent (collectively, the "applicant"), failed to fully disclose material information, and provided misleading and false information to the USPTO with an intent to deceive the USPTO by such omissions and misleading and false information.

44.     Under 37 C.F.R. § 1.56 "[e]ach individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the [USPTO], which includes a duty to disclose to the [USPTO] all information known to that individual to be material to patentability …"  However, on information

///

**Locke Lord Bissell & Liddell LLP**
300 South Grand Avenue, Twenty-Sixth Floor
Los Angeles, CA, 90071-3119

and belief, during prosecution and maintenance of the Patent, applicant failed to comply with this duty of candor and good faith.

45.     On information and belief, subsequent to the issuance of the Patent, applicant intentionally failed to pay the second maintenance fee within the time allotted, thereby causing the Patent to expire.

46.     On information and belief, on or about May 10, 2004, applicant submitted a petition to the USPTO requesting that the Patent be reinstated, falsely averring that "[t]he delay in payment of the maintenance fee to this patent was unintentional."

47.     Patent maintenance fees in the United States are due 3½, 7½ and 11½ years after grant of the patent.

48.     The Naval Research Laboratory ("NRL") scheduled the Patent to be abandoned prior to the October 23, 2003 deadline for paying the second maintenance fee.

49.     Thus, upon information and belief, the Patent was intentionally abandoned when the six month grace period for payment of the second maintenance fee expired on April 23, 2004.

50.     Subsequent to the intentional abandonment of the Patent, upon information and belief, Mr. Hazim Ansari contacted NRL to express interest in licensing the Patent.

51.     Upon information and belief, Mr. Ansari acknowledged that the Patent was abandoned, but suggested that the Patent could be revived if the Patent owner told that the USPTO that the abandonment of Patent was unintentional.

52.     On information and belief, Mr. Ansari and others who owed a duty of candor to the USPTO knew or should have known that the Patent was in fact intentionally abandoned.

///

///

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Twenty-Sixth Floor**
**Los Angeles, CA, 90071-3119**

53.     On information and belief, due solely to the interest by Mr. Ansari and his company Metrix Services in licensing the invention, NRL petitioned the USPTO to revive the Patent and was successful in reviving the Patent.

54.     In sum, subsequent to issuance of the Patent, the applicant intentionally failed to pay the second maintenance fee within the time allotted, thereby causing the Patent to expire.  On or about May 10, 2004, the applicant submitted a petition to the USPTO requesting that the Patent be reinstated.  On information and belief, the applicant intentionally and falsely averred that the delay in payment of the maintenance fee to this patent was "unintentional."

55.     In reliance on the statement in applicant's petition, the PTO reinstated the Patent.

56.     The Patent is unenforceable as a result of this inequitable conduct.

## **FOURTH COUNTERCLAIM**

### **(Declaratory Judgment That License Is Void As Improperly Issued)**

57.     Citibank incorporates by reference and restates Paragraphs 1-56 of these Counterclaims as alleged herein.

58.     Citibank hereby asserts this Counterclaim against Plaintiff and the Government for judgment that the License is void as improperly issued to Plaintiff and/or to Plaintiff's alleged predecessor-in-interest, Metrix.

59.     The Government was not permitted by statute to grant the License to Metrix, or to authorize an assignment of the License to Plaintiff, because such grant or assignment was not reasonable or necessary to bring the claimed invention of the Patent, as characterized by the Plaintiff, to practical application or promote its use by the public.

60.     Ansari's allegation that the Patent covers digital certificates and digital signatures based on public key cryptography undercuts regulatory and statutory authority under which the license was granted because it incorrectly implicates existing providers and customers in this well-developed industry.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Twenty-Sixth Floor
Los Angeles, CA, 90071-3119

61.   The License states that it was granted based on a finding by the Government that the interests of the Government and the public will best be served by the proposed license, in view of the licensee's intentions, plans, and ability to bring the alleged invention to practical application or otherwise promote the invention's utilization by the public.

62.   This finding was based, at least in part, on information and representation provided to the Government by Ansari.

63.   To the extent that the Patent claims cover digital certificates and digital signatures based on public key cryptography, that technology was already in public use prior to the License.

64.   The invention's utilization by the public is not promoted by the License, because demanding license fees from existing users of digital certificates and digital signatures based on public key cryptography creates a disincentive to utilization of the alleged invention by adding to its cost.

65.   The License further states that it was granted based on a finding by the Government that the desired practical application has not been achieved, or is not likely expeditiously to be achieved, under any nonexclusive license which has been granted, or which may be granted, on the invention.

66.   On information and belief, this finding was based, at least in part, on information and representations provided to the Government by Ansari.

67.   On information and belief, Plaintiff and its agents informed the Government that the alleged invention covered by the Patent had not been commercialized and indeed was not likely to be commercialized unless the Government granted an exclusive license to Metrix.

68.   To the extent that the Patent claims cover digital certificates and digital signatures based on public key cryptography, that technology was already in public use prior to the License, and the existence of the PKI industry and Internet technology including SSL, IPSec, WS, VPN, and DNSSEC predates the License.

**ANSWER AND COUNTERCLAIM**

69.     The License further states that it was granted based on a finding by the Government that exclusive or partially exclusive licensing is a reasonable and necessary incentive to call forth the investment of risk capital and expenditures to bring the alleged invention to practical application or otherwise promote the Patent invention's utilization by the public.

70.     Upon information and belief, this finding was based, at least in part, on information and representations provided to the government by Ansari.

71.     To the extent that the Patent claims cover digital certificates and digital signatures based on public key cryptography, investment capital has been and continues to be attracted to bring the alleged invention to practical application and public utilization without regard to the Patent.

72.     The License further states that it was granted based on a finding by the Government that the proposed terms and scope of exclusivity are not greater than reasonable necessary to provide the incentive for bringing a particular version of the alleged invention to practical application or otherwise promote the invention's utilization by the public.

73.     Upon information and belief, this finding was based, at least in part, on information and representations provided to the Government by Ansari.

74.     On information and belief, Plaintiff is abusing the rights granted from the Government in a way that diminishes, not promotes, public use of the alleged invention.

75.     The License was granted for the purpose of commercializing an alleged invention that would not otherwise be commercialized.

76.     By now seeking to enforce the Patent against pre-existing technologies such as digital certifications and digital signatures based on public key cryptography, Plaintiff has abused the exclusive rights it obtained beyond what is reasonably necessary to provide the incentive for bringing its particular version of the alleged

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Twenty-Sixth Floor
Los Angeles, CA, 90071-3119

**ANSWER AND COUNTERCLAIM**

SACV 08-00718 DOC (Ex)

invention to practical application or otherwise promote the invention's utilization by the public.

77.    Plaintiff has taken two positions that are mutually exclusive: first alleging, in order to obtain the License, that the alleged invention covered by the Patent had not been commercialized and was not likely to be commercialized unless the Government granted an exclusive license; and then asserting the Patent against technologies that were ubiquitous and in widespread commercial use at the time of the License.

78.    On information and belief, Plaintiff has made, at most, superficial efforts to commercialize its particular version of the alleged invention and instead has invested its efforts in attempts to collect royalties from users of technologies that were in existence and widespread use prior to the grant of the License.

79.    On information and belief, and as a matter of public policy, practical application as defined in 35 U.S.C. § 201 does not include licensing pre-existing business activities, or enforcing a licensed patent against entities carrying out such pre-existing business activities.

80.    On information and belief, Plaintiff does not practice, or intend to practice, the claimed invention of the Patent in the United States.

81.    On information and belief, Plaintiff's plan to commercialize the Patent in the United States consists of seeking licenses from and threatening litigation against Citibank and others for business activities existing prior to Plaintiff's license from the government and/or the issuance of the Patent.

82.    On information and belief, the United States Government was not permitted by statute to grant the License to Metrix, or to authorize and assignment of the License to Plaintiff, because the public interest is not served by granting the License to a company that made no effort to bring the invention to practical application in the United States, and which had no credible plan or ability to bring the invention to practical application in the United States.

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Twenty-Sixth Floor**
**Los Angeles, CA, 90071-3119**

16

**ANSWER AND COUNTERCLAIM**

83.     On information and belief, the United States Government was not permitted by statute to grant the License to Metrix, or to authorize and assignment of the License to Plaintiff, because such grant or assignment was not reasonable or necessary to bring the claimed invention of the Patent to practical application or promote its use by the public.

84.     For at least these reasons, Citibank avers that the Government had no statutory authority to amend the License, and thus the License is void as improperly issued.

85.     Citibank desires a judicial determination and declaration that the License is void, and that Plaintiff is precluded from enforcing the Patent.

86.     As provided by 35 U.S.C. § 285, Citibank requests that this Court declare this case to be exceptional, and award Citibank its reasonable attorney's fees, costs and expenses.

87.     Citibank, therefore, respectfully seeks judgment as hereinafter set forth.

## FIFTH COUNTERCLAIM

## (Declaratory Judgment That License Is Void As Improperly Amended In Violation Of Application Statutes & RegulationS)

88.     Citibank incorporates by reference and restates Paragraphs 1-87 of these Counterclaims as if fully set forth herein.

89.     In the Amendment, the Government agreed to waive the requirement set forth in 35 U.S.C. § 209 and 37 C.F.R. § 404.1 et seq., that practical application be achieved in the United States for Plaintiff and/or Plaintiff's alleged predecessor-in-interest, Metrix.

90.     Such waiver was not in the public interest of the United States, because the waiver did not serve to either call forth investment capital in the development of the invention, or otherwise promote the use of the invention by the public.

91.     Citibank hereby asserts this Counterclaim against Plaintiff and the Government for judgment that the License is void as improperly amended to allow

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Twenty-Sixth Floor
Los Angeles, CA, 90071-3119

17

Plaintiff and/or Plaintiff's alleged predecessor-in-interest, Matrix, to circumvent the statutory and regulatory requirements that the invention be brought to practical application in the United States.

92.     For at least these reasons, Citibank avers that the Government had no statutory authority to amend the License to permit practical application outside the United States, and thus the License is void as improperly amended.

93.     Citibank desires a judicial determination and declaration that the License is void, and that Plaintiff is precluded from enforcing the Patent.

94.     As provided by 35 U.S.C. § 285, Citibank requests that this Court declare this case to be exceptional, and award Citibank its reasonable attorney's fees, costs and expenses.

95.     Citibank, therefore, respectfully seeks judgment as hereinafter set forth.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment Terminating The License)

96.     Citibank incorporates by reference and restates Paragraphs 1-95 of these Counterclaims as if fully set forth herein.

97.     Citibank hereby asserts this Counterclaim against Plaintiff and the Government for judgment that the License is void and/or terminated as a matter of public policy, and thus the Patent is unenforceable by Plaintiff.

98.     On information and belief, Plaintiff has not achieved "practical application" of the claimed invention of the Patent in the United States, and therefore has not satisfied the requirements of 35 U.S.C. § 209 and 37 C.F.R. § 404.1 et seq.

99.     On information and belief, apart from superficial efforts, Plaintiff's attempts to commercialize the Patent in the United States consist of seeking licenses from and threatening litigation against Citibank and numerous other prominent technology and financial services companies, for business activities existing prior to Plaintiff's License from the government and/or the issuance of the Patent.

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Twenty-Sixth Floor**
**Los Angeles, CA, 90071-3119**

100.   On information and belief, therefore, Plaintiff has not fulfilled its obligations to the United States Government under the License.

101.   Therefore, Citibank avers that it is contrary to the public interest to allow Plaintiff's to claim the benefits of the License from the United States Government without fulfilling its obligations thereunder, and therefore Plaintiff should not, as a matter of public policy, be permitted to enforce the Patent.

102.   Citibank also avers that for the stated reasons it is contrary to the public interest to permit Plaintiff to continue its License from the United States Government, and that such License should be terminated as a matter of public policy.

103.   Citibank desires a judicial determination and declaration that Plaintiff is precluded from enforcing the Patent, and the Plaintiff's License is terminated.

104.   As provided by 35 U.S.C. § 285, Citibank requests that this Court declare this case to be exceptional, and award Citibank its reasonable attorney's fees, costs and expenses.

105.   Citibank, therefore, respectfully seeks judgment as hereinafter set forth.

## CITIBANK'S PRAYER FOR RELIEF

WHEREFORE, Citibank prays that the Court enter a judgment:

a.   Dismissing Plaintiff's Complaint with prejudice;

b.   Declaring that Citibank has not infringed any valid and enforceable claim of the Patent either directly, contributorily, by inducement, literally or by equivalents;

c.   Declaring that Citibank has not willfully or deliberately infringed any claim of the Patent;

d.   Denying all relief requested by Plaintiff and entering judgment for Citibank with respect to all of Plaintiff's claims;

e.   Denying Plaintiff's demand for preliminary injunctive relief;

f.   Declaring that the claims of the Patent are invalid;

g.   Declaring that the claims of the Patent are unenforceable as a matter of public policy and/or due to inequitable conduct before the USPTO;

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Twenty-Sixth Floor
Los Angeles, CA, 90071-3119

1       h.     Declaring that Plaintiff's License is void and/or terminated;

2       i.      Denying Plaintiff's demand for damages and interest;

3       j.      Denying Plaintiff's demand for a permanent injunction;

4       k.     Declaring that this is an exceptional case, and awarding to Citibank its

5  reasonable attorney's fees, costs and expenses, as provided by 35 U.S.C. § 285; and

6       l.      Granting such other and further relief as this Court shall deem

7  appropriate.

8

9  Dated:  October 17, 2008          Respectfully submitted,

10                       LOCKE LORD BISSELL & LIDDELL LLP

11

12                    By:  /s/ Mitchell J. Popham

13                         Mitchell J. Popham
                             Brandon J. Witkow

14

15  <u>OF COUNSEL</u>:

16

17  LOCKE LORD BISSELL & LIDDELL LLP
    Edwin R. DeYoung, Esq.

18  edeyoung@lockelord.com
    Roger B. Cowie, Esq.

19  rcowie@lockelord.com
    2200 Ross Avenue, Suite 2200

20  Dallas, Texas  75201-6776
    Tel:   (214) 740-8000

21  Fax:  (214) 740-8888

22

23  Attorneys for Defendant and Counter-claimant
    *Citibank, N.A.*

24

25

26  LA 610101v.1

27

28

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Twenty-Sixth Floor
Los Angeles, CA, 90071-3119

LOCKE LORD BISSELL & LIDDELL LLP
MITCHELL J. POPHAM (SBN 126194)
mpopham@lockelord.com
BRANDON J. WITKOW (SBN 210443)
bwitkow@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071
Tel:   (213) 485-1500
Fax:   (213) 485-1200

Attorneys for Defendant & Counter-claimant
*Citibank, N. A.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETWORK SIGNATURES, INC., ) | Case No. SACV 08-00718 DOC (Ex) |
| ) | |
| Plaintiff, ) | **CERTIFICATE OF SERVICE OF** |
| ) | **ANSWER OF CITIBANK, N.A.** |
| vs. ) | |
| ) | |
| CITIBANK, N. A. ) | |
| ) | |
| Defendant. ) | |
| ) | |

I, Brandon J. Witkow, certify and declare as follows:

1.     I am over the age of 18 years and not a party to this action.

2.     My business address is 300 South Grand Avenue, 26th Floor, Los Angeles, California 90071, which is located in the city, county and state where the mailing described below took place.

3.     On October 17, 2008, Plaintiffs' counsel listed below, as a registered user, was electronically served and via U.S. Mail a copy of the following document:

**ANSWER AND COUNTERCLAIM OF CITIBANK, N.A.**

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Twenty-Sixth Floor
Los Angeles, CA, 90071-3119

Peter R. Afrasiabi, Esq.
Christopher W. Arledge, Esq.
Turner Green Afrasiabi & Arledge LLP
535 Anton Boulevard, Suite 850
Costa Mesa, California 92626

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 17, 2008 at Los Angeles, California.

_/s/ Brandon J. Witkow_
Brandon J. Witkow

**ANSWER AND COUNTERCLAIM**

LA 610095v.1

SACV 08-00718 DOC (Ex)

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Twenty-Sixth Floor
Los Angeles, CA, 90071-3119