LOCKE LORD BISSELL & LIDDELL LLP
Mitchell J. Popham (SBN 126194)
mpopham@lockelord.com
Brandon J. Witkow (SBN 210443)
bwitkow@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071
Tel:   (213) 485-1500
Fax:   (213) 485-1200

Attorneys for Defendant
*Citibank, N.A.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETWORK SIGNATURES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CITIBANK, N.A. <br><br> Defendant. | Case No. SACV 08-00718 DOC (Ex) <br><br> **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS FOURTH THROUGH SIXTH COUNTERCLAIMS AND MOTION TO STRIKE ELEVENTH THROUGH THIRTEENTH AFFIRMATIVE DEFENSES** |

# TABLE OF CONTENTS

I. SUMMARY OF THE ARGUMENT ................................................................. 1

II. FACTUAL BACKGROUND. ........................................................................... 2

III. LEGAL ARGUMENT. ....................................................................................... 4

    A. Citibank Is Not Pursuing An Impermissible Private Right Of Action. ........................................................................................................ 4

    B. Citibank Has Standing To Raise 35 U.S.C. § 209 And Public Policy As A Defense To Plaintiff's Claims Under The Patent License. ....................................................................................................... 5

IV. Citibank has no obligation to exhaust administrative remedies. ........................ 8

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

# TABLE OF AUTHORITIES

**Federal Cases**

Fomby-Denson v. Department of the Army, 247 F.3d 1366, 1374 (Fed. Cir. 2001) ........................... 6

Platzer v. Memorial Sloan Kettering Institute for Cancer Research, 787 F. Supp. 360, 364-65 (S.D.N.Y. 1992) ................................................................................................................................. 5

Sims v. Apfel, 120 S. Ct. 2080, 2084-2086 (2000) ................................................................................ 9

Southern Research Institute v. Griffin, 938 F.2d 1249 (11th Cir. 1991) ............................................. 8

**Federal Statutes**

1980 U.S.C.C.A.N 6460 ......................................................................................................................... 7

**Federal Regulations**

37 C.F.R. § 404.1 .................................................................................................................................... 3

**Other Authorities**

U.S. Patent No. 5,511,122 ...................................................................................................................... 2

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA  90071**

ii

**OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS & MOTION TO STRIKE  DEFENSES**
SACV 08-007128 DOC (RNBx)

Defendant and Counter-Claimant Citibank, N.A. ("Citibank") opposes Plaintiff's Motion to Dismiss Citibank's Fourth through Sixth Counterclaims and Motion to Strike the Eleventh through Thirteenth Affirmative Defenses (collectively, the "Motion") on the following grounds.

## I. SUMMARY OF THE ARGUMENT

Plaintiff has moved to dismiss Citibank's fourth through sixth declaratory judgment counterclaims and eleventh through thirteenth affirmative defenses. These counterclaims and defenses assert that the patent license forming the basis of Plaintiff's claims against Citibank is invalid because it was issued and amended in violation of 35 U.S.C. § 209 and because it is against public policy. Plaintiff contends in the Motion that these counterclaims and defenses should be dismissed because:

(1) The Bayh-Dole Act (of which 35 U.S.C. § 209 is one section) does not provide a private right of action to Citibank;

(2) Citibank's interests are not within the "zone of interests" intended to be protected by the statute, and therefore, Citibank lacks standing to assert counterclaims and defenses based on the statute; and

(3) Citibank has essentially waived its right to assert these counterclaims and defenses by failing to exhaust its administrative remedies.

As set forth below, Plaintiff's Motion should be denied. With respect to Plaintiff's first argument, Citibank is not pursuing a private right of action against Plaintiff based on the statute in question. Rather, Citibank is using the statute as a defense to the private cause of action that Plaintiff is attempting to pursue against Citibank based on the statute. Thus, it is Plaintiff, not Citibank, that is pursuing a private right of action based on rights allegedly arising under the statute. Citibank is merely defending itself.

With respect to Plaintiff's second argument, the "zone of interests" doctrine applies in suits against government agencies and officials, not in suits between private

litigants as is the case here. Moreover, even if the doctrine did apply (which it does not), Citibank clearly falls within the "zone of interests" protected by the statute because the statute expressly prohibits the government's granting an exclusive license for technology that is already in widespread use. On its face, this prohibition protects companies that were already using the technology at the time of the license, such as Citibank, which squarely puts such companies within the zone of interests protected by the statute. Moreover, Citibank certainly has standing to challenge the validity of the license on public policy grounds since Plaintiff is attempting to use the license to Citibank's detriment.

Finally, with respect to Plaintiff's third argument, the exhaustion of remedies doctrine simply does not apply in this case because Citibank is not suing a governmental agency, nor is there an adequate administrative procedure that Citibank could pursue to resolve the parties' dispute. On the contrary, this litigation is between private litigants, and under the governing rules of procedure, Citibank must raise its counterclaims and defenses now or risk waiving them.

## II.  FACTUAL BACKGROUND.

Plaintiff has brought this case as an action for infringement of U.S. Patent No. 5,511,122 (the "'122 patent"). The patent is owned by the United States of America, as represented by the Secretary of the Navy. The Complaint alleges that the government granted an exclusive license to the '122 patent on September 27, 2004 to a company called Metrix Services, Inc. The license was eventually assigned to Plaintiff. (Complaint ¶¶ 7-9).

The subject matter of the '122 patent relates generally to authenticating host and intermediate computers in a datagram network. Plaintiff alleges that Citibank infringes the '122 patent by using digital certificates and digital signatures implemented through the public key infrastructure (this technology will be referred to generally herein as the "PKI" technology). (Complaint ¶¶ 9-13).

Citibank has filed counterclaims for declaratory judgment and affirmative defenses alleging, among other things, that the patent license is void because it was improperly issued and improperly amended in violation of 35 U.S.C. § 209, and it is against public policy. (Counterclaim counts 4-6; Answer defenses 11-13). That statute and the governing regulations generally prohibit the granting of exclusive licenses by the government of technologies that are already in widespread commercial use, and they require that the licensee achieve practical application of the licensed technology. *See* 35 U.S.C. § 209 and 37 C.F.R. § 404.1, *et seq*.

In support of its counterclaims and defenses, Citibank has alleged, among other things, the following facts:

- PKI technology has been in widespread commercial use for years prior to the grant of the exclusive license to Metrix Services, Inc.

- Plaintiff knew that the internet technologies it was accusing of infringement were in widespread commercial use at the time the license was granted.

- Plaintiff's agents and attorneys have alleged that the '122 patent covers ubiquitous internet technologies and protocols, including Secure Sockets Layer (SSL), Internet Protocol Security (JPSec), Web Services (WS), Virtual Private Networks (VPN) and Domain Name System Security (DNSSEC).

- To induce the government to grant the license, Plaintiff, its predecessor and/or its agents falsely informed the government that the alleged invention covered by the '122 patent had not been commercialized and was not likely to be commercialized unless the government granted an exclusive license to Metrix Services, Inc.

- Plaintiff has not achieved "practical application" of the invention claimed in the '122 patent in the United States, and its efforts to commercialize the '122 patent are nothing more than seeking licenses from and

threatening patent infringement litigation against Citibank and dozens of other technology and financial service companies for business activities that existed prior to the grant of the license to the Plaintiff.

- Plaintiff has not fulfilled its obligations to the United States under the license.
- The government's grant of the exclusive license to Metrix Services, Inc. was in contravention of the explicit prohibition in 35 U.S.C. § 209 from granting licenses when such licenses were not a reasonable and necessary incentive to call forth the necessary capital and expenditures needed to bring the invention to practical application or to otherwise promote the invention's utilization by the public.
- The government's grant of the exclusive license to Metrix Services, Inc. was in contravention of the explicit prohibition in 35 U.S.C. § 209 from granting licenses whose scope is greater than reasonably necessary to provide the incentive for bringing the alleged invention to practical application.
- The license is against public policy, and therefore, void and unenforceable.

(*See generally*, Counterclaim ¶¶ 18-31, 59-83).

## III.   LEGAL ARGUMENT.

### A.   Citibank Is Not Pursuing An Impermissible Private Right Of Action.

Plaintiff's first argument, that the Bayh-Dole Act does not provide a private right of action to Citibank, is based on the mistaken premise that Citibank is pursuing a private right of action against Plaintiff under that statute. It is Plaintiff, not Citibank, who is pursuing claims based on a patent license allegedly granted under the Bayh-Dole Act. Citibank is merely defending itself by pleading affirmative defenses and counterclaims that arise under the Declaratory Judgment Act.

The case cited by Plaintiff in support of his argument is inapposite. See Motion p. 5 (citing *Platzer v. Memorial Sloan Kettering Institute for Cancer Research*, 787 F. Supp. 360, 364-65 (S.D.N.Y. 1992)). In that case, the plaintiff sued to recover certain royalties allegedly owed to him under the Bayh-Dole Act by a defendant who had received a license from the government under the Bayh-Dole Act with respect to the technology in question. In that context, the court held that the Bayh-Dole Act did not provide the plaintiff a private cause of action to recover from the defendant.

In this case, Citibank is not seeking to recover anything from Plaintiff under the Bayh-Dole Act. Rather, it is Plaintiff who is seeking to recover from Citibank based on rights that Plaintiff is claiming under the Bayh-Dole Act. Although Citibank has asserted counterclaims against Plaintiff, those counterclaims are defensive in nature and arise under the Declaratory Judgment Act, not the Bayh-Dole Act. The body of law cited by Plaintiff simply does not apply in this case.

### B. Citibank Has Standing To Raise 35 U.S.C. § 209 And Public Policy As A Defense To Plaintiff's Claims Under The Patent License.

Plaintiff does not seriously assert that Citibank's declaratory judgment counterclaims and defenses fail to meet the three Constitutional requirements of standing, which are: (1) a party has personally suffered actual or threatened injury that is concrete and particularized, not conjectural or hypothetical; (2) the injury can fairly be traced to the challenged action; and (3) the injury is likely to be redressed by a favorable decision from the court. (*See* Motion p. 8).

Indeed, it is undisputed that (a) Citibank has suffered at least threatened injury, because if Plaintiff were to prevail in its attempt to enforce the patent license against Citibank, Citibank would have to pay damages and may be subject to a permanent injunction; (b) that the injury can be traced to the challenged action, because if the Navy had not granted the license, Plaintiff would not be pursuing claims against Citibank; and (c) that the injury can be redressed by a favorable decision from the

5

**OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS & MOTION TO STRIKE DEFENSES**
SACV 08-007128 DOC (RNBx)

Court, because if the Court were to grant the relief requested by Citibank, Citibank would no longer be threatened with damages or with an injunction.

Rather, the gist of Plaintiff's standing argument is that Citibank's counterclaims and defenses in question fail to satisfy a prudential consideration of standing: that Citibank must fall within the "zone of interests" protected by the statute in question. This argument should be rejected for at least three reasons.

*First*, the entire body of law cited by Plaintiff regarding the prudential considerations of standing and the zone of interests test applies to suits against government agencies and officials, not to suits between private litigants.  See, e.g., Motion p. 9 ("The Supreme Court recognizes that ***suits against the Government*** necessitate 'judicially self-imposed limits on the exercise of federal jurisdiction.'") (emphasis added).  This case, in contrast, is between private litigants who have clearly identifiable and adverse economic interests with respect to the matters raised in their respective pleadings.

*Second*, Plaintiff's argument ignores the fact that Citibank's counterclaims and affirmative defenses challenge the validity of the license on public policy grounds. (*See, e.g.*, Answer ¶¶ 35-37; Counterclaim ¶¶ 79, 101-102).  It is a long-standing principle of common law that a private defendant can challenge the enforceability of a contract being enforced against the defendant on public policy grounds.  *See, e.g., Fomby-Denson v. Department of the Army*, 247 F.3d 1366, 1374 (Fed. Cir. 2001) ("The federal courts should refrain from enforcing both United States government and private contracts when such enforcement would be contrary to the public policy of the United States as manifested in the Constitution, treaties, [and] federal statutes . . .") (internal quotations and citations omitted).

*Third*, even if the zone of interests test were to apply (which it does not), Citibank's interest as an alleged user of the technology in question clearly falls within the zone of interests protected by 35 U.S.C. § 209.  Specifically, the statute expressly limits a federal agency's authority to grant exclusive licenses as follows:

A Federal agency may grant an exclusive or partially exclusive license on a federally owned invention under section 207(a)(2) ***only if—***

***(1) granting the license is a reasonable and necessary incentive to—***

***(A) call forth the investment capital and expenditures needed to bring the invention to practical application;*** or

(B) otherwise promote the invention's utilization by the public;

35 U.S.C. § 209 (a)(1) (emphasis added). The restriction is continued in the next subparagraph of the statute, which requires "that the proposed scope of exclusivity is ***not greater than reasonably necessary***[.]" 35 U.S.C. § 209 (a)(2) (emphasis added).

The statute explicitly prohibits the U.S. government from granting exclusive licenses when doing so is not needed as an incentive to call forth the investment capital and expenditures needed to bring the invention to practical application or otherwise promote the invention's utilization by the public.  35 U.S.C. § 209 (a)(1). The statute further requires the scope of exclusivity to be no greater than reasonably necessary to provide the incentive for bringing the invention to practical application. Thus, the Congressional scheme in enacting § 209 was not only to promote the commercialization of government inventions by providing incentives for investments in technologies that needed that investment, ***but also*** to make sure that licenses should not be granted when they were not necessary. See H.R. Rep. 96-1307(I), *as reprinted in* 1980 U.S.C.C.A.N 6460, 6478 (exclusive licenses should only be granted "if the responsible agency determines that such licensing is necessary to achieve practical application of the invention and that the scope of proposed exclusivity is not greater than reasonably necessary."). In other words, the Congressional scheme was carefully thought out to ***protect*** investments that had already been made by ***prohibiting*** the granting of exclusive licenses when doing so would adversely affect those investments, and could potentially deprive the public of the benefits of a technology that had already achieved widespread use.

7

In support of its argument, Plaintiff relies upon *Service Engineering Corp. v. United States Department of Agriculture*, 1999 U.S. Dist. LEXIS 21952 (D. Md. March 30, 1999). That case is readily distinguishable, however, in that: (1) it was not brought by a user of the technology like Citibank based on an argument that the technology was already in widespread use, but rather, it was brought by a plaintiff who had sought a license from a government agency for the technology and was denied a license; and (2) the plaintiff was suing the government agency to try and overturn the agency's licensing decision. In that context, the court held that the purpose of the Bayh-Dole Act was not to protect parties who were competing for the agency's license.

In this case, by contrast, Citibank is not a competitor with Plaintiff for the Navy's technology license, nor is Citibank suing a government agency. Rather, Citibank is one of the widespread users of the technology whose interests are expressly referenced in the governing statute, and Citibank is merely trying to defend itself in litigation with a private citizen. Thus, the zone of interests test and analysis discussed in *Service Engineering* simply do not apply in this case.

## IV. CITIBANK HAS NO OBLIGATION TO EXHAUST ADMINISTRATIVE REMEDIES.

Plaintiff's final argument, that Citibank has failed to exhaust its administrative remedies by not participating in an alleged administrative proceeding at the time Plaintiff's predecessor-in-interest applied for the patent license, should be rejected for at least two reasons. First, the doctrine of exhaustion of administrative remedies is a doctrine that applies to claims against government agencies and officials governed by the Administrative Procedures Act and similar statutes. It is not a doctrine that applies to litigation between private litigants.

The only case cited by Plaintiff in support of its exhaustion of remedies argument, *Southern Research Institute v. Griffin,* 938 F.2d 1249 (11th Cir. 1991),

8

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1 supports this distinction.  In that case, the plaintiff sued both a private defendant and a
2 group of government defendants over a license granted by the government defendants
3 to the private defendant.  Significantly, only the claims against the government
4 defendants were dismissed for failure to exhaust administrative remedies, not the
5 claims against the private litigant.

6     *Second*, the Supreme Court has held that, in the absence of a statute or
7 regulation requiring certain issues to be raised first in an administrative proceeding
8 (which is not present here), the doctrine of exhaustion of administrative remedies does
9 not prevent a litigant from first raising an issue in court where the nature of the
10 administrative proceeding was not adversarial or adjudicative in nature.  *Sims v. Apfel*,
11 530 U.S. 103, 108-112, 120 S. Ct. 2080, 2084-2086 (2000).  In this case, there was no
12 adversarial or adjudicative administrative procedure in which Citibank had reasonable
13 notice that it should participate.  Unlike in *Griffin*, which is relied upon by Plaintiff,
14 Citibank was not a competing applicant for the license with actual knowledge of an
15 upcoming administrative proceeding that would decide who should get the license.
16 Thus, under *Apfel*, the doctrine of exhaustion relied upon by Plaintiff does not apply.

Dated:  November 10, 2008

Respectfully submitted,

LOCKE LORD BISSELL & LIDDELL LLP

By:   /s/ Brandon J. Witkow
      Mitchell J. Popham
      Brandon J. Witkow
Attorneys for Defendant & Counter-claimant
*Citibank, N.A.*

1  OF COUNSEL:

2  Edwin R. DeYoung, Esq.
3  Roger B. Cowie, Esq.
   LOCKE LORD BISSELL & LIDDELL LLP
4  2200 Ross Avenue, Suite 2200
5  Dallas, Texas  75201-6776
   Tel:   214-740-8000
6  Fax:   214-740-8888

10

**OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS & MOTION TO STRIKE DEFENSES**
SACV 08-007128 DOC (RNBx)