Peter R. Afrasiabi (Bar No. 193336)
Christopher W. Arledge (Bar No. 200767)
TURNER GREEN AFRASIABI & ARLEDGE LLP
535 Anton Boulevard, Suite 850
Costa Mesa, California 92626
Telephone:   (714) 434-8750
Facsimile:   (714) 434-8756

Attorneys for Plaintiff Network Signatures, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| Network Signatures, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Citigroup, Inc., <br><br> Defendant. | Case No. **08-00718 DOC (RNBx)** <br><br> **JOINT RULE 26(F) REPORT** <br><br> Hearing Date:  December 15, 2008 <br> Time:                8:30 <br> Courtroom:      9-D |

Network Signatures, Inc. and Citigroup, Inc. hereby submit their Joint Rule 26(f) Report. The Report includes all information required by this Court's Order Setting Scheduling Conference, and notes the parties' disagreements on issues where applicable.

**A.   SYNOPSIS**

**1.   Network Signatures' Position:** This is a patent enforcement and infringement action by Plaintiff, the exclusive licensee to United States Patent No. 5,511,122 ("the '122 patent") entitled "Intermediate Network Authentication." Plaintiff is currently commercializing '122 patent technology and concurrently enforcing the '122 patent, which was developed by the United States Navy.

To allow enforcement, commercialization of and protection of this patent and the technology it represents, the United States Navy granted an exclusive license to NS of the entire right, title, and interest in and to the '122 Patent.

The '122 patent claims, among other things, a critical method of authenticating a computer user in which the computer user's private electronic key is used, together with a validating computer's public electronic key, to create a cryptographic signature, the cryptographic signature is transmitted in at least one packet to the validating computer, and the signature is verified by the validating computer using its private key and the public key of the computer user. This authentication method allows for the safe and secure communication of sensitive information, such as personal, banking, commercial, financial, and other information, as is transmitted by and between Defendant and its other related entities, customers and/or users. Defendant uses digital certificates and digital signatures implemented though the use of public key infrastructure to facilitate communication with its employees and customers, or related entities.

**2.    Citibank's Position:**

Citibank does not agree with Plaintiff's contentions as stated in paragraph 1, including, without limitation, Plaintiff's description of the '122 patent claims. Defendant denies that it directly or indirectly infringes the asserted patents and contends that Plaintiff has failed to state a claim for which relief can be granted. Additionally, Defendant contends that the patents-in-suit are invalid based on failure to satisfy 35 U.S.C. §§ 101, 102, 103, and/or 112, are unenforceable due to Plaintiff's inequitable conduct, and that the Plaintiff is barred from asserting its claims by, among other things, the doctrines of laches, waiver, equitable estoppel, res judicata, and/or collateral estoppel. Defendant also contends that Plaintiff lacks standing to enforce the asserted patents because its licenses are invalid. Defendant has asserted counterclaims for declaratory judgment of non-infringement and invalidity.

**B.    PRINCIPAL ISSUES**

The key legal issues are: (1) whether Defendant infringes the '122 patent literally or under the doctrine of equivalents; (2) whether any such infringement was willful; (3) whether the '122 patent is valid; (4) whether as a result Plaintiff is entitled to an injunction; and (5) what damages Plaintiff is entitled to.

C. **ADDITIONAL PARTIES**

Plaintiff does not anticipate adding any further parties at this time.

D. **MOTIONS**

At this time, Plaintiff expects to file a motion for summary judgment on literal infringement and to secure a summary judgment on validity. Plaintiff is willing to have a *Markman* hearing if the Court desires or to address claim construction as many Judges do in the context of summary judgment. Defendant believes that a separate *Markman* hearing prior to summary judgment will help narrow the issues for summary judgment and assist the Court with the interpretation of the '122 patent. Defendant has proposed a schedule with deadlines related to a separate *Markman* hearing.

E. **SETTLEMENT**

The parties are currently in settlement negotiations. If the parties' efforts fail, plaintiff believes a private mediation with a retired Central District federal judge makes sense; Plaintiff proposes retired Judge Dickran Tevrizian or retired Judge Gary Taylor. Defendant is agreeable to private mediation.

F. **DISCOVERY PLAN**

Plaintiff does not envision any needed changes to the Rule 26(a) disclosures/requirements. No written discovery has occurred yet. Plaintiff expects the parties will enter a standard two-tiered protective order to facilitate written discovery. Plaintiff does not believe any discovery should be phased.

G. **JURY TRIAL**

Plaintiff and Defendant believe a jury trial of 4-6 days will suffice.

H. **PROPOSED DATES**

Plaintiff proposes the following dates:

    (a)    Discovery cutoff 8/15/09

    (b)    Motion cutoff 10/15/09

    (c)    PTC 11/9/09

    (d) Trial 11/16/09

Defendant proposes the following dates:

    (a) Plaintiff's Infringement Contentions: 1/30/09

    (b) Defendant's Invalidity Contentions: 6/29/09

    (c) Simultaneous Exchange of Claim Terms for Construction: 8/17/09

    (d) Preliminary Proposed Claim Construction/Extrinsic Evid.: 10/19/09

    (e) Joint Claim Construction: 12/14/2009

    (f) Plaintiff's Claim Construction Brief: 1/15/2010

    (g) Defendant's Response: 2/15/2010

    (h) Plaintiff's Reply: 2/26/2010

    (i) Markman Hearing: 3/26/2010

    (j) Discovery cutoff: 12/14/09

    (k) Motion cutoff: 5/17/2010

    (l) PTC: 6/28/2010

    (m) Trial: 7/19/2010.

Dated: December 1, 2008   **TURNER GREEN AFRASIABI & ARLEDGE LLP**

           By: /s/ Peter R. Afrasiabi
              Peter R. Afrasiabi
              Attorneys for Plaintiff, Network Signatures, Inc.

Dated: December 1, 2008

           By: /s/ John W. MacPete
              John W. MacPete
              Attorneys for Defendant